UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| BARBARA JEAN LAWLEY, | ) |
| Plaintiff, | ) No. CV-10-5105-JPH<br>) |
| v. | ) ORDER GRANTING PLAINTIFF'S<br>) MOTION FOR SUMMARY JUDGMENT<br>) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

BEFORE THE COURT are cross-Motions for Summary Judgment noted for hearing without oral argument on January 6, 2012. (ECF Nos. 18, 22.) Attorney Thomas Bothwell represents Plaintiff, Barbara J. Lawley. Special Assistant United States Attorney David I. Blower represents the Commissioner of Social Security (Defendant). The parties have consented to disposition by a magistrate judge. (ECF No. 6.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment and reverses and remands for further proceedings.

**JURISDICTION**

Plaintiff protectively applied for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on November 8, 2007. (Tr. 105-106, DIB; Tr. 107-110, SSI.) Plaintiff initially alleged onset as of January 19, 2005 (*Id.*), but amended the onset date to June 4, 2007, at the hearing. (Tr. 38.) Plaintiff alleges

disability due to post-traumatic stress disorder (PTSD), anxiety, depression, and back problems. (Tr. 120.) Benefits were denied initially and on reconsideration. (Tr. 70-73, 75-79.) Administrative Law Judge (ALJ) Robert S. Chester held a hearing on September 15, 2009. Plaintiff, represented by counsel, Thomas Bothwell, and vocational expert (VE) Daniel McKinney testified. (Tr. 33-65.) On October 5, 2009, ALJ Chester issued a decision finding Plaintiff not disabled. (Tr. 14-25.) The Appeals Council denied review on July 10, 2010. (Tr. 1-3.) The ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on September 1, 2010. (ECF No. 4.)

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both Plaintiff and Defendant, and are briefly summarized here. Plaintiff was 40 years old at the hearing and has earned a GED. (Tr. 55.) She has worked as a case aide, institutional cleaner, bartender, and cashier. (Tr. 59-60.) Plaintiff testified she cannot bend at the knees. Dusting, vacuuming, and sweeping cause back and arm pain. She has the most pain in her neck, shoulder, and lower back. (Tr. 39, 42, 44, 48.) She cannot sit continuously and must change positions; lies down for two hours out of eight; has difficulty controlling her fingers; and has lost hand strength. (Tr. 50-51, 55.)

She wears a narcotic medication patch. Medications cause drowsiness and some dizziness. (Tr. 44, 45.) Plaintiff has not used drugs or alcohol since she was charged with DWI in June 2007. (Tr.

39.)

She is being treated for DAA and mental health problems, including bipolar disorder, attention-deficit/hyperactivity disorder (ADHD), severe anxiety disorder, and depression. As a result of PTSD, plaintiff has problems focusing. She has been homeless for year out of the past two. (Tr. 51-54.) She currently lives with her three children[1], shops, does some laundry, and helps her children with their homework. (Tr. 57-58.)

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.1999); *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir.1983). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan,* 888 F.2d 599, 601-602 (9th Cir.1989); *Desrosiers v. Sec. of Health and Human Serv.,* 846 F.2d 573, 576 (9th Cir.1988). Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze,* 348 F.2d 289, 293 (9th Cir.1965). On review, the Court

---

[1]During part of the relevant period Plaintiff's children lived with her sister in law, as a result of Plaintiff's substance abuse. (Tr. 397, 425, 602.)

considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir.1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir.1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 399. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1098; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir.1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Sec'y of Health and Human Services,* 839 F.2d 432, 433 (9th Cir.1988)(*per curiam*). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir.1987).

**SEQUENTIAL PROCESS**

The Social Security Act (the Act) defines a "disabled individual" as one who "is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c (a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if his impairments are of such severity that plaintiff is not only unable to do his previous work but cannot,

considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. § 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir.2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if he or she is engaged in substantial gainful activities. If the claimant is engaged in substantial gainful activities, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

If the claimant is not engaged in substantial gainful activities, the decision maker proceeds to step two and determines whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment is severe, the evaluation proceeds to the third step, which compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled.

If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents the claimant from performing work he or she has performed in the past. If plaintiff is

able to perform his or her previous work, the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, the claimant's residual functional capacity (RFC) assessment is considered.

If the claimant cannot perform this work, the fifth and final step in the process determines whether the claimant is able to perform other work in the national economy in view of his or her residual functional capacity and age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon the claimant to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir.1999). The initial burden is met once the claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. The burden then shifts, at step five, to the Commissioner to show that (1) the claimant can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## ALJ'S FINDINGS

First, the ALJ found Plaintiff was insured through June 30, 2008. (Tr. 14, 16.) At step one, ALJ Chester found Plaintiff had not engaged in substantial gainful activity since the original onset date of January 19, 2005. (Tr. 16.) At steps two and three, he found Plaintiff suffers from degenerative disc disease of the lumbar spine with fusion, bilateral carpal tunnel syndrome with release, right

shoulder degenerative joint disease status post surgery, depression, and substance addiction, impairments that are severe but do not meet or equal Listing level severity. (Tr. 16-17.) The ALJ found plaintiff less than fully credible. (Tr. 20.) At step four, relying the vocational expert's testimony, the ALJ found plaintiff can perform her past work as a case aide and cashier. (Tr. 24.) Because he found Plaintiff can perform past relevant work, the ALJ concluded she was not under a disability as defined by the Social Security Act from January 19, 2005 [onset amended to June 4, 2007] to October 5, 2009, the date of the ALJ's decision. (Tr. 25.)

**ISSUES**

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, Plaintiff alleges the ALJ erred when he rejected the opinions of treating and examining medical providers, assessed her credibility, and found at step four she is able to perform past relevant work. (ECF No. 19 at 8.) Asserting the ALJ appropriately considered the evidence and made a decision based on substantial evidence, the Commissioner asks this Court to affirm. (ECF No. 23.)

**DISCUSSION**

**A. Weighing Medical Opinion Evidence**

The ALJ must consider all medical evidence and must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.1995). If the medical opinion is contradicted, it can only be rejected for "specific and legitimate" reasons that are supported by substantial evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995). Historically, the courts

have recognized conflicting medical evidence, the absence of regular medical treatment during the alleged period of disability, and the lack of medical support for doctors' reports based substantially on a claimant's subjective complaints of pain as specific, legitimate reasons for disregarding the treating physician's opinion. *Flaten v. Sec. of Health and Human Serv.*, 44 F.3d 1453, 1463-64 (9th Cir. 1995); *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir.1989). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). Further, the Ninth Circuit has held the reviewing court can read the adjudicator's summary of the evidence and findings and draw specific and legitimate inferences based on substantial evidence. *Id.* at 755. An ALJ may reject the opinions of non-accepted medical sources with reasons specific and germane to the witness. *Smolen v. Chater*, 80 F.3d 1273, 1288-89 (9th Cir.1996). Finally, an error may be considered harmless where the error "occurred during an unnecessary exercise or procedure;" is non-prejudicial to the Plaintiff; is considered irrelevant to the determination of non-disability; or if the reviewing court can "confidently conclude" that no reasonable ALJ could have reached a different disability determination if erroneously disregarded testimony was credited. *Stout v. Commissioner, Social Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006).

**B. ALJ's opinion assessment**

Plaintiff alleges the ALJ failed to give adequate reasons for rejecting the limitations found by examiners Ernest Segren, PA, and therapist Tony Larsen, DMHP. (ECF No. 19 at 12-16.) Defendant

responds that the ALJ gave specific and germane reasons for discounting both opinions: (1) they were not treating sources, but DSHS evaluators; (2) DSHS defines sedentary work differently than the SSA [Several weeks after onset, on June 27, 2007, Mr. Segren opined plaintiff could perform sedentary work, Tr. 192, whereas the ALJ assessed an RFC for a range of light work.]; (3) the RFC assessment is reserved to the Commissioner, and (4) Mr. Larsen's opinion plaintiff's impairments would markedly and moderately impair several cognitive and social abilities are severity ratings; consequently, they do not usefully convey the extent of plaintiff's capacity limitations. (ECF No. 23 at 12-16.)

The ALJ and the Commissioner are incorrect about Mr. Segren's role. He treated plaintiff. On January 29, 2008, Mr. Segren indicates he has provided some of plaintiff's care since February 2007. (Tr. 191-195, 293-295, 373-377, 443-447).

While this error alone may be harmless, other error is not.

The ALJ rejected the opinion of examining psychologist Lynn Orr, Ph.D., because the ALJ found it is contradicted by plaintiff's testimony as to her sobriety date. The ALJ is mistaken. Plaintiff testified she has been clean and sober since June 2007. (Tr. 39.) In March 2007, Dr. Orr diagnosed methamphetamine and cannabis dependence, noting plaintiff admitted she used both a month ago, in February 2007. Dr. Orr recommended substance abuse treatment. (Tr. 178, 180-181.) Contrary to the ALJ's reason, Dr. Orr's opinion is consistent with Plaintiff's testimony she stopped using drugs in June 2007.

The ALJ's reason for discounting Dr. Orr's opinion is not supported by substantial evidence. This is error. *Lester v. Chater*,

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 9 -

81 F.3d 821, 830 (9th Cir.1995)(ALJ must give clear and convincing reasons for rejecting an examining source's uncontradicted opinion), and *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir.1995)(an examiner's contradicted opinion can only be rejected for specific and legitimate reasons supported by substantial evidence).

If the court could confidently conclude no reasonable ALJ would find Plaintiff disabled even crediting Dr. Orr's opinion, any claimed error would be harmless. *Stout v. Comm'r*, 454 F.3d 1050, 1056 (9th Cir.2006). Substantial evidence does not support such a finding. The ALJ's treatment of Dr. Orr's opinion cannot be affirmed, and requires remand.

**C. DAA**

Although Dr. Orr examined plaintiff three months before onset, in March 2007, many of her concerns about plaintiff's DAA continued to be valid during the relevant period and should be addressed on remand. On June 27, 2007 (about three weeks after onset) Plaintiff told Mr. Segren she drinks occasionally. Like Dr. Orr, he recommended DAA treatment. (Tr. 193-194.) The next day, Plaintiff told Mr. Larsen, a one-time examiner, that marijuana decreases her pain. (Tr. 198.) In March 2008, examiner Thomas Genthe, Ph.D., diagnosed DAA dependence in early sustained remission and major depressive disorder, moderate to severe. (Tr. 390-391.)

Records in May 2008 show Plaintiff has a pattern of missing DAA treatment appointments, the same as in the past. Criminal history includes two DWIs and possession of drug paraphernalia. (Tr. 397, 424.) Hospital records on August 1, 2008, indicate Plaintiff smokes and drinks. (Tr. 293.) Plaintiff was in jail for three weeks in September 2008, allegedly for unpaid fines. (Tr. 561.) On April 29,

2009, treating doctor Chau observes a UA returned positive for tramadol, in violation of Plaintiff's pain contract. (Tr. 566.)

Because the case is being remanded, the ALJ may need the assistance of a psychological expert to determine Plaintiff's mental limitations with and without DAA. Although the ALJ found DAA a severe impairment at step two, it appears the effects of DAA should be more fully examined on remand.

**D. Remand**

On remand, the ALJ should further consider at step two whether cervical DDD, described as severe in several places in the record (Tr. 289, five months after onset) is a severe impairment as defined by the regulations. The ALJ may wish to utilize the services of a medical expert to determine plaintiff's physical limitations and assess a new RFC.

Credibility determinations bear on evaluations of medical evidence when there are conflicting medical opinions or an inconsistency between Plaintiff's subjective complaints and a diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir.2005). On remand the ALJ will reassess Plaintiff's credibility.

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision contains harmful legal error and is not supported by substantial evidence. Accordingly,

**IT IS ORDERED:**

1. Plaintiff's Motion for Summary Judgment **(ECF No. 18)** is **GRANTED**. The case is reversed and remanded pursuant to sentence four for further administrative proceedings.

2. Defendant's Motion for Summary Judgment **(ECF No. 22)** is **DENIED**.

ORDER GRANTING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT - 11 -

The District Court Executive is directed to file this Order and provide a copy to counsel for plaintiff and defendant. Judgment shall be entered for Plaintiff, the case reversed and remanded for further administrative proceedings, and the file **CLOSED**.

DATED January 24th, 2012.

S/ James P. Hutton

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE
